(53 Misc. Rep. 238.)

## In re WILSON.

## In re LEWIS' WILL.

(Surrogate's Court, Madison County. February, 1907.)

**1. WILLS—ESTATE DEVISED—VESTING OF TITLE.**

Testator directed his executors to set apart a specific sum in trust for the use of a certain person during her life and, to pay the income to her annually after two years from his death, and provided that the principal of the trust fund on her decease should go to the heirs of his body then surviving. *Held,* that the title to the trust fund did not vest until the death of the beneficiary.

**2. SAME—CONSTRUCTION.**

Where testator directed the payment of the principal of a trust fund, on the death of the beneficiary, to the heirs of his body then surviving in equal shares, where one of testator's daughters survived the beneficiary, she was entitled to half of the estate, and the son and granddaughter of a daughter of testator dying before the beneficiary were entitled to the remaining half.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1149.]

In the matter of the judicial settlement of John H. Wilson, testamentary trustee of Daniel Lewis, deceased. Proceedings for judicial settlement. Decree rendered.

S. M. Wing, for administrator with the will annexed.

Heard & Hamilton, for Martin G. Lamb and Laura J. Lamb, Jr.

Albert E. Campbell, for Charles Austin, individually and as executor, etc., of his wife, Jennie Austin.

KILEY, S. This is a proceeding for the final and judicial settlement of the accounts of John H. Wilson as administrator with the will annexed of Daniel Lewis, deceased. Daniel H. Lewis died on the 23d day of February, 1872, in the county of Madison, N. Y., leaving a last will and testament, and codicils thereto, in and by which he nominated and appointed Thomas Barlow and Israel Spencer executors thereof. Said will was duly admitted to probate and said executors qualified thereunder. Previous to the 24th day of November, 1900, the said executors died, leaving the trust created by the will of Daniel Lewis still unexecuted; and on the day last aforesaid the petitioner in these proceedings, John H. Wilson, was duly appointed administrator with the will annexed, duly qualified thereunder, and entered upon the discharge of his duties as such.

The controversy is raised by the presentation of the petition of the petitioner, and by the objections filed to the prayer of the petition by attorneys Heard & Hamilton, for Martin G. Lamb and Laura J. Lamb, Jr., and the interpleader of Charles Austin, through his attorney, Albert E. Campbell, who make adverse claims to the moneys now in the hands of the petitioner and administrator with the will annexed, to wit, the sum of $514.50. The petitioner alleges that he has it in his hands as administrator with the will annexed of Daniel Lewis, deceased. Martin G. Lamb and Laura J. Lamb claim that it belongs to them as living heirs of Daniel Lewis, deceased, and the said Charles Austin claims that it first passes to him as the executor of the estate of Jennie Austin, who was his wife, and of whose will he is executor,

and who is a deceased granddaughter of Daniel Lewis, deceased. Where this money should finally go must be determined by the seventh codicil of the will of Daniel Lewis, deceased, which codicil creates the only trust under said will or codicils now unexecuted, and which reads as follows:

"I will and direct that my executors set apart in trust and safely invest one thousand dollars ($1,000.00), to and for the use of Mrs. Mehitable Bowen, for and during her natural life, the interest thereof to be paid to her annually after two years from my decease; that on her decease I will and direct that my said one thousand dollars ($1,000.00) be paid to the heirs of my body then surviving, they to share alike."

At the time of the decease of Daniel Lewis there survived him, as his heirs at law and next of kin, two daughters, Elvira Wilson and Laura J. Lamb. Had they survived the cestui que trust, Mehitable Bowen, there would be no question as to the final disposition of the trust fund set apart under the seventh codicil of the will of said deceased. Said Mehitable Bowen, the cestui que trust named in the seventh codicil of the will of said testator, Daniel Lewis, died May 8, 1906; and at the time of her death Laura J. Lamb, the daughter of Daniel Lewis, had died, and left her surviving the said Martin G. Lamb, her son, her daughter, Jennie Austin, and this granddaughter, the said Laura J. Lamb, Jr. Mrs. Austin, however, died before Mehitable Bowen; and the only question presented was whether Mrs. Austin's estate shall take any portion of the one-half of the trust fund that would have passed to Laura J. Lamb if she had survived Mehitable Bowen. Charles Austin aforesaid urges that the money belonged to the estate of the deceased daughter, Laura J. Lamb, of Daniel Lewis, deceased, and that circumstances transpiring after the death of Daniel Lewis, deceased, of which evidence was given or stipulated upon this trial, require that this codicil should be so construed that this money should be paid to the estate of Laura J. Lamb, deceased. The circumstance referred to is that Elvira Wilson and Laura J. Lamb gave separate mortgages upon real estate owned by them for $500 each, to secure the payment of the income of the $1,000 to Mehitable Bowen, the cestui que trust named in the seventh codicil of the will in question; and he urges that, in construing this portion of the will of said testator, these circumstances should be taken into account by the court, and that they point to the construction sought by Mr. Austin.

In the construction of the will we are not permitted to go outside of the will, unless the language used by the testator is ambiguous; and, while we are required to give force and effect to his intention, we have to gather that intention from the will itself, if that can be done. This clause quoted above from the seventh codicil of this will is clear, definite, and not ambiguous. If the testator had intended that the estate of either one of his daughters should take a portion of this trust fund, providing they died before the cestui que trust, Mehitable Bowen, named in the codicil, then and in that event he would have named his daughters as such beneficiaries, and by the statute of wills their respective shares of said trust fund would have passed to their estate and thence to their heirs; but here the testator makes his meaning

entirely clear. He says: "Be paid to the heirs of my body then sur-viving, they to share alike." The heirs of the testator were deter-minable at his death, yet the gift to them was not, by the terms of the will, to vest in possession until after the termination of the trust created for the benefit of Mehitable Bowen. That was the time, fixed under the seventh codicil of his will, that this particular gift should take effect; and it was not until the death of Mehitable Bowen that the persons could be ascertained who would be the heirs of the body, then surviving, of Daniel Lewis. The title to this trust fund did not vest until the death of Mehitable Bowen. Mrs. Wilson, surviving Mehitable Bowen, received, as she had a right to, one-half of the trust fund; and the remaining heirs of the body of Daniel Lewis living at the time of the death of Mehitable Bowen, who were Martin G. Lamb and Laura J. Lamb, Jr., aforesaid, are now entitled to receive the other one-half of said trust fund and any additions of interest which it has earned to be added thereto. Bisson v. West Shore R. Co., 143 N. Y. 125, 38 N. E. 104; Teed v. Morton, 60 N. Y. 502; Stevenson v. Lesley, 70 Id. 512.

No agreement, made subsequent to the death of Daniel Lewis, by his heirs living at the time of his decease, and before the death of Mehitable Bowen, could bind or cut off the interest of those who were living at the time of the decease of Mehitable Bowen, unless they were parties to that instrument. It is not claimed upon this hearing that either the said Martin G. Lamb or Laura J. Lamb, Jr., was a party to any agreement that cut off their rights under the will of Daniel Lewis, deceased, if they were the heirs of his body at the time of the decease of Mehitable Bowen. I hold that Martin G. Lamb and Laura J. Lamb, Jr., each takes one-half of the money arising from said trust fund now in the hands of the administrator with the will annexed of Daniel Lewis, deceased, to wit, the sum of $500, with any accrued interest, subject to the costs and expenses of this proceeding, and the commissions of said administrator with the will annexed.

S. M. Wing, attorney for the administrator with the will annexed, is allowed $35 for his services and disbursements in these proceedings. Heard & Hamilton, attorneys for Martin G. Lamb and Laura J. Lamb, Jr., are allowed a like amount, and in addition thereto $22.48 disbursements. Let a decree be prepared accordingly.

Decreed accordingly.